# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10cr9

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMES ERNEST LESPIER. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the government's Motion to Reconsider Order on Motion for Bond or in the Alternative, Motion to Continue (#28).

In such motion, the government takes issue with the court's oral order granting the request for hearing without awaiting a response from the government and without counsel for defendant reflecting consultation with the government as required by Local Criminal Rule 47.1(B). The government is correct that counsel for defendant failed to reflect consultation;[1] however, due to the pressing nature of the criminal docket in the Asheville and Bryson City Divisions, the court attempts to promptly schedule matters such as bond hearings despite non-compliance with L.Cr.R. 47.1(B).

The government having shown good cause, the court will now reconsider whether defendant's motion for reconsideration of bond should be summarily denied

---

[1] The government has also failed to reflect consultation in its Motion to Reconsider and in its Alternative Motion to Continue. Both motions require consultation. See L.Cr.R. 47.1(B).

for failure to show a changed circumstance as required by 18, United States Code, Section 3142(f)(2). In support of its opposition, the government properly recites the language of Section 3142(f)(2), and argues that the "ability of this court to re-open a hearing on bond pre-trial is limited" by such statute. In pertinent part, such provision provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). The government goes on to argue that Section 3142(f)(2) requires that the information defendant wishes to present to the court must be both new and material:

> The availability of electronic monitoring existed at the first detention hearing in May, 2010. In fact, the Defendant offered up family members as possible custodians during that hearing. This information was known to the movant at the time of the initial hearing. A defendant may not call for a new hearing and offer up a new custodian at each attempt.
> * * *

Government's Motion to Reconsider (#28, at ¶ 12).

While the government's citation and interpretation of Section 3142(f)(2)'s requirement is accurate, what is missing from the government's opposition is any reference to this court's Order of Detention Pending Trial (#4), in particular the

-2-

Addendum to Detention Order (#4, at pp. 2-5) annexed thereto, which specifically addressed the lack of an appropriate custodian and determined what changed circumstance would merit reconsideration of bond:

> The defendant presented evidence through his mother, Sherry Hornbuckle, who offered to act as his custodian and to further offer that the defendant could reside with her. The undersigned finds that Ms. Hornbuckle would be a suitable custodian but Ms. Hornbuckle is actively employed and is away from her home during regular working hours. Additionally, residing in Ms. Hornbuckle's home are her two minor grandchildren who are of young age. **If the defendant can find a suitable custodian who can provide seven day per week, twenty-four hour supervision for the defendant and if the defendant can also satisfy the undersigned concerning the defendant's failure to appear on the traffic charges pending against him in Swain and Haywood counties or the resolution of those charges, then the court would consider such evidence to be evidence of a change of condition which could possibly merit the release of the defendant on stringent terms of supervision.**

Addendum to Detention Order (#4, at p. 4)(emphasis added). Thus, the court has already determined that the tender of a suitable custodian would be a changed circumstance that would merit reconsideration under Section 3142(f)(2). Inasmuch as the government failed to object to such June 1, 2010, determination within 14 days as required by Rule 59(a), Federal Rules of Criminal Procedure, such determination cannot now be challenged as it has become law of the case. Thus, the government's conclusion that the motion "fails to assert grounds sufficient to comply with the

requirements of § 3142(f)"[2] is, respectfully, without merit as the court has already determined that such a proffer would be an acceptable changed circumstance.

Finally, the court has considered the government's request that the hearing be continued from February 22, 2011, as counsel for the government is on leave on that date. No alternative date is provided and, as discussed briefly above, there is no reflection of consultation with opposing counsel as to a suitable date for rescheduling the hearing.[3] The court will reset the hearing for February 24, 2011, at 2 p.m.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the government's Motion to Reconsider Order on Motion for Bond (#28) is **ALLOWED,** and having reconsidered the Order, the court **REAFFIRMS** the allowance of a hearing to reconsider bond; and

(2) the government's alternative Motion to Continue (#28) is **ALLOWED**, and this matter is rescheduled for hearing on February 24, 2011, at 2 p.m.

---

[2] Motion to Reconsider, at ¶ 15.

[3] All counsel need to be aware that the Local Criminal Rules require reflection of consultation. See L.Cr.R. 47.1(B). While the court could have stricken both motions for such non-compliance, such would serve little purpose and created an additional burden on speedy trial. As both counsel for defendant and the government have now overlooked such rule, the court invites all counsel to be prepared to discuss at the hearing what action the court should take when such rule is not complied with.

Signed: February 17, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge