# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10 CR 09

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMES ERNEST LESPIER, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned pursuant to a motion filed by counsel for defendant entitled "Motion For Detention Hearing" (#26). At the call of this matter on for hearing it appeared that defendant was present with his counsel, Russell L. McLean, III and Brad Harrison Ferguson. The government was present and represented by Assistant United States Attorney Don Gast. From the records in this case, the evidence presented and the arguments of counsel for defendant and the Assistant United States Attorney, the undersigned makes the following findings.

**Findings**. On May 20, 2010 the undersigned issued a Criminal Complaint charging defendant with second degree murder, in violation of 18 U.S.C. § 1111. Thereafter defendant was arrested and a detention hearing was held regarding the detention of defendant on May 25, 2010. After hearing all of the evidence, this court determined to enter an order detaining defendant but provided in the order what

changed circumstance would merit reconsideration of the issue of detention for this defendant:

> The defendant presented evidence through his mother, Sherry Hornbuckle, who offered to act as his custodian and to further offer that the defendant could reside with her. The undersigned finds that Ms. Hornbuckle would be a suitable custodian but Ms. Hornbuckle is actively employed and is away from her home during regular working hours. Additionally, residing in Ms. Hornbuckle's home are her two minor grandchildren who are of young age. **If the defendant can find a suitable custodian who can provide seven day per week, twenty-four hour supervision for the defendant and if the defendant can also satisfy the undersigned concerning the defendant's failure to appear on the traffic charges pending against him in Swain and Haywood counties or the resolution of those charges, then the court would consider such evidence to be evidence of a change of condition which could possibly merit the release of the defendant on stringent terms of supervision.**

Addendum to Detention Order (#4, at p. 4)

An indictment was issued by the grand jury and filed on June 1, 2000. In the Bill of Indictment, defendant was charged with second degree murder and with using and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(j)(1). On December 20, 2010, a Superseding Bill of Indictment was issued by the grand jury charging defendant with first degree murder and with using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(j)(1).

On February 15, 2011, defendant's counsel filed a motion entitled "Motion for

Detention Hearing" (26). In the motion, it is alleged there has been a change of circumstance that has occurred after the previous detention hearing and defendant has requested that the court conduct a hearing in regard to the issue of pretrial release of defendant. On February 16, 2011, the government filed a motion that the court reconsider the granting of a hearing to defendant which this court denied on February 17, 2011. (#31)

A hearing was held in regard to the motion for detention on March 1, 2011. Defendant presented as a witness, his mother Sherry Hornbuckle. Ms. Hornbuckle testified she was a resident of the Bird Town Community of the Eastern Band of the Cherokee Indian Reservation. Ms. Hornbuckle has never been convicted of any type of criminal offense, is employed by the Eastern Band of Cherokee Indians and has been so employed for many years. She resides in a three bedroom home with Mr. Bobby Owl and with her two grandchildren, ages eight and ten. Ms. Hornbuckle further testified that she would be willing to act as a custodian for defendant if he was released on terms and conditions of pretrial release.

Mr. Bobby Owl was also called as a witness by defendant. Mr. Owl testified that he resides with Ms. Hornbuckle in the Bird Town Community of the Cherokee Indian Reservation. Mr. Owl is employed by the Eastern Band of Cherokee Indians and has no criminal record whatsoever. Mr. Owl testified he was also willing to act

as a custodian for the defendant. Due to the schedule of Ms. Hornbuckle and Mr. Owl's work, they are available to provide twenty-four hour per day, seven day per week supervision of defendant.

The government called as a witness FBI Agent Randy Cosby. Agent Cosby testified that pursuant to further investigation regarding the matters described in the Criminal Complaint, Bill of Indictment, and Superceding Bill of Indictment, he discovered defendant had committed at least three prior acts of violence against the victim in this matter. In April of 2007, defendant had pushed the victim in this matter through a glass window. In June 2008, defendant had thrown a mail holder at the victim hitting her in the head and finally in April of 2009, defendant was seen following the victim through her grandmother's home carrying a knife with the blade exposed. Agent Cosby further testified concerning a statement provided by a potential witness named Mitchell Turpin. The court has examined the statement along with the criminal record of Mr. Turpin that was introduced into evidence, and the court does not attach any credibility to the statement given by Mr. Turpin and the court further has not considered the statement of Mr. Turpin in considering the issue of release of defendant. The reason the undersigned declines to ascribe credibility to the statement of Mr. Turpin is due to several reasons. Mr. Turpin has an extensive criminal record for crimes of not only larceny, breaking and entering, but also extreme violence. Mr.

Turpin is alleged to have recently attempted to burn the Graham County Jail so that evidence of his drug possession crimes could be destroyed. Mr. Turpin is housed in the Cherokee County Jail and is providing information concerning statements that he contends the defendant made to him. For those reasons, the undersigned will not consider Mr. Turpin's statements.

**Discussion.** 18 U.S.C. § 3142(f)(2) provides that a detention hearing:

> may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that would reasonably assure the appearance of such person as required and the safety of any other person and the community.

The undersigned has considered the testimony of Ms. Hornbuckle and Mr. Owl. Ms. Hornbuckle testified at the original detention hearing and the information she has provided in her testimony is cumulative, in large part, to which she testified at the initial detention hearing. Ms. Hornbuckle did provide additional information regarding the fact there will be a twenty-four hour, seven day per week supervision of defendant between herself and Mr. Owl. The testimony of Mr. Owl was entirely new information and that testimony has a material bearing on the issue of whether or not defendant should be released. The undersigned finds that both Ms. Hornbuckle and Mr. Owl are fit and suitable custodians and their home would be a place where defendant could reside and be subject to supervision, if released. Having said that, however, the government has introduced into evidence information that was not

5

known at the time of the hearing and which has material bearing on the issue of release of defendant. In Agent Cosby's testimony, he testified to three specific acts of violence that defendant allegedly committed in regard to the victim in this case. Those acts of violence are specific and detailed acts that have convinced the undersigned that the release of the defendant would create a risk of harm or danger to any other person or the community.

At the time of the initial detention hearing, defendant was only charged with second degree murder. As a result of the Bill of Indictment and the Superceding Bill of Indictment, defendant is now charged with an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3) provides as follows:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the persons required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed....
> (B) an offense under § 924(c), 956(a), or 2332(b) of this title.

As a result of the additional charge and the operation of this statute, a presumption has now been created in support of the detention of defendant. In considering both the evidence of defendant and the evidence of the government, and having weighed that evidence, the undersigned finds that the presumption has not been rebutted. The undersigned has determined that clear and convincing evidence

shows that the release of defendant would create a risk of harm or danger to any other person or the community.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the motion entitled "Motion for Detention Hearing"(#26) is hereby **ALLOWED**. The court has conducted such hearing and has determined that defendant shall continue to be detained pending further orders of the court.

Signed: March 9, 2011

Dennis L. Howell
United States Magistrate Judge