# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:10cr09

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| JAMES ERNEST LESPIER. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Appeal of Detention Order [Doc. 38].[1]

## PROCEDURAL HISTORY

The Defendant is charged by Superseding Bill of Indictment with murder and using a firearm during a crime of violence which caused the death of another human being, in violation of 18 U.S.C. §§1111, 924(c)(1)(A)(iii), 924(j)(1) & 1153. [Doc. 20]. The Defendant's request for pre-trial release on conditions was first denied by the Magistrate Judge in May 2010. [Doc. 4]. At that time, the Magistrate Judge concluded:

If the defendant can find a suitable custodian who can provide

---

[1] Although styled as an appeal, it is clear from the content of the Defendant's pleading that he seeks review of the order of detention pursuant to 18 U.S.C. §3145(b).

seven day[s] per week, twenty-four hour supervision for the defendant and if the defendant can also satisfy the [Court] concerning the defendant's failure to appear on the traffic charges pending against him in Swain and Haywood counties or the resolution of those charges, then the court would consider such evidence to be evidence of a change of condition which could possibly merit the release of the defendant on stringent terms of supervision.

[Doc. 4, at 4].

The Defendant renewed his motion for pre-trial release on February 15, 2011. [Doc. 26]. Two days later, the Government filed its Notice of Intent to Offer Rule 404(b) Evidence of other prior acts. [Doc. 29]. In that Notice, the Government cited fifteen separate instances of prior acts of violence and/or intimidation against the alleged victim in this case. [Id., at 1-2]. The Government also cited prior threats of the Defendant to kill the child he has with the victim as well as threats made to the victim's sister that he would kill the victim.[2] [Id.]. In addition to those threats and acts, the Government cited prior domestic violence against a different former girlfriend and threats made to an inmate that the Defendant would kill Federal Bureau of Investigation Special Agent Randy Cosby. [Id.].

On March 1, 2011, the Magistrate Judge conducted another pre-trial detention hearing. The Defendant's mother, Sherry Hornbuckle, testified that

---

[2]At the time of the incident leading to the death of the victim, the child was three years old. [Doc. 39, at 4].

2

she would be willing to act as a custodian for the Defendant if he was released. Ms. Hornbuckle is employed by the Eastern Bank of Cherokee Indians. Her two minor grandchildren, ages eight and ten, live with her, along with Bobby Owle who testified that due to their different work schedules, they would be able to provide twenty-four hour per day supervision seven days per week.

The Government called as a witness Agent Cosby who testified about prior acts of violence committed by the Defendant against the victim. At least two of those incidents were witnessed by third parties. The victim's grandmother saw the Defendant chasing the victim while he was holding a knife. The Defendant told the victim's sister during a telephone call that he was going to kill the victim. The Magistrate Judge found this and other new evidence, which had not been introduced at the previous detention hearing, showed that the Defendant's release would create a risk of harm or danger to another person or the community.[3] As a result, pre-trial release was denied. From this Order, the Defendant now seeks review by the District Court.

---

[3] Agent Cosby testified that an inmate, Mitchum Turpin, informed authorities that the Defendant had threatened to kill Agent Cosby. The Magistrate Judge found any such statement from Turpin lacked sufficient credibility to be considered.

## STANDARD OF REVIEW

18 U.S.C. §3145(b) provides that "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense ... , the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court, in reviewing that Order, conducts a *de novo* review and must make an independent determination of the appropriateness of pre-trial detention or conditions of release. United States v. Stewart, 19 Fed.Appx. 46 (4th Cir. 2001). It is not necessary, however, that an additional evidentiary hearing be conducted as part of the review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988). Here, the Court has listened to the tape recording of the detention hearing conducted by the Magistrate Judge on March 1, 2011 and finds the record sufficient for review of the order of detention. United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985).

The Defendant has been charged with a crime of violence pursuant to 18 U.S.C. §924(c). A crime of violence, for purposes of pre-trial detention, is defined as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §3156(4). Where there is probable cause to believe the

Defendant has committed a crime of violence, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," subject to rebuttal by the Defendant. 18 U.S.C. §3142(e)(3).

## DISCUSSION

In support of the argument for pre-trial release, the Defendant states:

> [T]he alleged acts committed against the victim do not create a risk of harm or danger to any other person or the community because those alleged acts were allegedly *committed against the victim and were not committed against the community in general or any other person specifically.* Regrettably, the victim is now deceased and the defendant has presented evidence that he will [be] provided with seven day a week, twenty-four hour supervision. ... The Defendant intends to offer rebuttal evidence to the alleged 404(b) material offered by the government concerning those acts against the victim.

[Doc. 38, at 2] (emphasis provided).

Although the Defendant claims in the motion seeking review that he intends to offer such rebuttal evidence, he had the opportunity to do so at the March 1, 2011 hearing conducted by the Magistrate Judge. Having failed to do so, he now seeks another hearing. The Government's Rule 404(b) Notice was filed in February 2011; thus, the Defendant could have offered such evidence at the March 1, 2011 hearing. The Court does not find that a further hearing is necessary to resolve the issue of pre-trial release.

Moreover, the Defendant's argument overlooks the Rule 404(b)

5

evidence relating to the Defendant's alleged threats to kill his own child. It also overlooks previous alleged acts of domestic violence against a different victim, a former girlfriend. The Court cannot find that the "alleged acts were allegedly *committed against the victim and were not committed against the community in general or any other person specifically.*" [Id.]. Moreover, while the Defendant would like to present "rebuttal evidence" concerning the acts against the deceased victim, such evidence would do nothing to rebut the evidence if threats to and violence against others.

In addition, the Court cannot discount the evidence of prior violence against the victim herein. The Defendant would diminish such conduct by claiming that since the victim is dead, he is no longer a threat. The Court views such an argument as callous and cynical.[4]

Having conducted a *de novo* review of the record and having considered the factors enumerated in 18 U.S.C. §3142(g), the Court finds that the Defendant has not rebutted the presumption in favor of pre-trial detention. He has not shown by clear and convincing evidence that he would not be a danger to another person or a member of the community. The Court therefore finds that the Defendant should remain in pre-trial detention.

---

[4]Indeed, the Government could have argued that the Defendant is a threat to anyone with whom he has a relationship.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of Detention Order [Doc. 38], construed as a motion for review thereof, is hereby **DENIED** and the Magistrate Judge's order of detention is affirmed.

Signed: April 2, 2011

Martin Reidinger
United States District Judge