UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10CR09

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| JAMES ERNEST LESPIER | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Produce [# 46]. Defendant requests a hearing so that the Court can "determine whether the Defendants shall be entitled to receive medical records of the alleged victim from Pardee Hospital . . . ." Defendant represents that he issued a subpoena to Pardee Hospital on May 13, 2011, but counsel for Pardee Hospital informed him that it is unable to release the medical records without a court order and protective order. Pardee Hospital, however, has not moved to quash the subpoena.

Rule 17of the Federal Rules of Criminal Procedure governs the issuance of a subpoena duces tecum in federal criminal proceedings. United States v. Nixon, 418 U.S. 683, 697-98, 94 S. Ct. 3090 ( 1974); see also United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991). This rule provides that:

**(c) Producing Documents and Objects.**

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be

> unreasonable or oppressive.
>
> (3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c).

As the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have repeatedly stated, Rule 17 was not intended as a general discovery device. Nixon, 418 U.S. at 698, 94 S. Ct. 3090; Fowler, 932 F.2d at 311; United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010). "[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply 'to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials.'" Richardson, 607 F.3d at 368 (quoting Nixon, 418 U.S. at 698-99, 94 S. Ct. 3090). Where the third party served with a subpoena moves to quash the subpoena under Rule 17(c)(2), the defendant seeking the production of documents must satisfy three requirements: "(1) relevancy; (2) admissibility; (3) specificity." Nixon 418 U.S. at 700, 94 S. Ct. 3090; United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010); Richardson, 607 F.3d at 368.

Moreover, a subpoena requiring the production of personal or confidential information about a victim may only be served on a third party by a defendant by court order. Fed. R. Crim. P. 17(c)(3); see also United States v. Shrader, 716 F. Supp. 2d 464, 472 (S.D. W. Va.

2010). This provision was added to Rule 17 in 2008 and implements the Crime Victims' Rights Act. Fed. R. Crim. P. 17(c)(3) advisory committee's note. Medical records are the type of documents that may come within in the protections of Rule 17(c)(3). Id.; see also United States v. Sutherland, 143 F. Supp. 2d 609, 611-12 (W.D. Va. 2001) (noting privacy interest in medical records).

To the extent that Defendant seeks to subpoena personal or confidential information from a third party, he has not obtained an order from the Court to do so. Thus, any subpoena issued by him seeking such information is improper. To the extent that the subpoena served on Pardee Hospital does not seek information that falls under the protections of Rule 17(c)(3), the Court notes that Pardee Hospital has not filed a motion to quash the subpoena. After receiving a subpoena a third party has two options, comply with the subpoena or move to quash it. Pardee Hospital has done neither.[1] Accordingly, the Court **DIRECTS** the parties and third party Pardee Hospital to **APPEAR** at a hearing at 10:30 a.m. on May 23, 2011, at the United States District Court for the Western District of North Carolina, Bryson City Division, 50 Main St., Bryson City, North Carolina. At the hearing, the parties and Pardee Hospital should be prepared to address the application of Rule 17, as well as any other applicable Federal Rules, to the issue of the medical records. The Court will disregard any argument not supported by proper authority. Finally, the Court **DIRECTS** Defendant to serve by hand a copy of this Order on Pardee Hospital by 10:00 a.m. on Friday, May 20,

---

[1] Even if the Subpoena was improper because Defendant did not first obtain a court order pursuant to Rule 17(c)(3), the proper procedure would be for Pardee Hospital to move to quash the subpoena, not refuse to produce the documents absent Defendant obtaining a court order.

2011.

Signed: May 19, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge