UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10CR09

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | **ORDER** |
| ) | |
| JAMES ERNEST LESPIER ) | |
| ) | |
| _____ ) | |

Pending before the Court is the Government's Motion to Quash [# 56]. Previously, the Court granted Defendant's Second Motion to Produce and, pursuant to Rule 17(c)(3) fo the Federal Rules of Criminal Procedure, issued an Order allowing Defendant to serve a subpoena on third party Pardee Hospital requiring the production of medical records of the alleged victim. (Order Granting Mot. Produce, May 25, 2011.) The Government moves to quash the subpoena pursuant to Rule 17(c)(2), which provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The subpoena at issue was directed to Pardee Hospital, which is not a party to this dispute. "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter." United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) (holding that Government lacked standing to quash rule 17(c) subpoenas issued by the defendant to third parties); see also United States v. Smith, 245 F.R.D. 605, 611 (N.D. Ohio 2007). Here, the Government has failed to demonstrate that it has standing to quash the subpoena at issue. Pardee Hospital or the estate of the victim are the proper parties to move to quash the subpoena, not the

Government. Neither Pardee Hospital nor the Estate has moved to do so. Accordingly, the Court **DENIES** the Government's Motion to Quash [# 56].

Signed: May 26, 2011

Dennis L. Howell
United States Magistrate Judge