THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10-cr-09

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JAMES ERNEST LESPIER, | ) | |
| | ) | |
| Defendant. | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF | ) | |
| CHEROKEE INDIANS, | ) | |
| | ) | |
| Garnishee. | ) | |

**THIS MATTER** is before the undersigned, pursuant to a letter (#124) forwarded to the Clerk of this Court by the Defendant acting pro se and a Notice of Appearance and Request for Hearing (#125) filed by Russell L. McLean, III, attorney of Waynesville, NC, giving notice of his appearance as counsel for Defendant and requesting a hearing. The Government has filed a Response to Request for Hearing (#126) in which the Government contends that the request for hearing of Defendant's counsel be denied.

1

**Findings.** On October 29, 2013 the Government filed an Application for Writ of Continuing Garnishment (#117) and further filed instructions to Defendant regarding his right to claim exemptions and request a hearing (#118). Although filed on October 29, 2013, the Notice of Garnishment and instructions to the Defendant on how to claim exemptions and other documents, were not mailed to the Defendant upon December 5, 2013 (#121). The Eastern Band of the Cherokee Indians, being the garnishee, filed an Answer of the Garnishee (#122) on January 6, 2014 to which the Government responded (#123). In the letter of Defendant received by the Clerk of this Court on January 14, 2014, the Defendant states:

> I am writing your office concerning the Notice I recently received for continuing garnishing in the above criminal matter. (See Attached—Notice of Granishment (sic) & How To Claim Exemptions).
>
> Consequently, I am uncertain how to proceed at this point and respectfully request that I am given an opportunity to consult with counsel concerning this matter before proceeding further.
>
> Although, the Notice given expresses that I may request a hearing and must do so within 20 days, I have not received any answer fromt (sic) he granishee (sic); therefore, there should be no problem allowing me additional time to proceed.

The Defendant, acting pro se, did not file a claim for any exemptions and at the time of the appearance of his attorney, Mr. McLean, counsel did not file a notice for claims for exemptions nor did counsel describe the basis upon which his client could request a hearing in this matter.

Out of an abundance of caution, the undersigned will allow the request of Defendant as set forth in his letter (#121) for an extension of time to file a Notice to Claim Exemptions. In claiming any exemptions or in requesting a hearing, counsel for Defendant shall set forth in detail the exemptions that Defendant wishes to declare and support those claims with statutory or case authority for the claiming of any exemptions or for the reasons why this Court should allow a hearing in regard to the motion of the Defendant. Counsel for Defendant shall be allowed up to and including March 21, 2014 to file a Notice to Claim Exemptions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the letter (#124) of Defendant considered by the Court as a motion for extension of time to claim exemptions or file further response is **ALLOWED** and Defendant's counsel shall have up to and including **March 21, 2014** to file a Notice to Claim Exemptions setting forth statutory or case authority for the claiming of any exemptions.

Signed: February 21, 2014

Dennis L. Howell
United States Magistrate Judge