THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:10-cr-00009-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES ERNEST LESPIER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence (Compassionate Release) Pursuant to 18 U.S.C. § 3582(c)(1)(A) and The First Step Act of 2018" [Doc. 187].

**I.   BACKGROUND**

The Defendant James Ernest Lespier was charged with first-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153, and with the use of a firearm during and in relation to a crime of violence, namely murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1). [Doc. 20: Superseding Bill of Indictment]. On June 8, 2011, the jury found the Defendant guilty of both first-degree murder and using a firearm during and in relation to a murder. [CR Doc. 86: Verdict]. The Court sentenced the Defendant to a term of life imprisonment as to the first-degree murder offense

and to a consecutive term of life imprisonment as to the firearm offense. [Doc. 99: Judgment]. The Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Lespier, 725 F.3d 437, 447-49 (4th Cir. 2013). The Supreme Court denied the Petitioner's request for a writ of certiorari. Lespier v. United States, 134 S. Ct. 974 (2014).

The Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, raising a number of ineffective assistance of counsel claims. [Civil Case No. 1:15-cv-00007-MR, Doc. 1]. After conducting an evidentiary hearing, the Court entered an Order granting the Defendant's Motion to Vacate, concluding that trial counsel had been ineffective in advising the Defendant regarding the withdrawal of his assent to the Plea Agreement and in failing to convey a formal plea offer from the Government. [Civil Case No. 1:15-cv-00007-MR, Doc. 21]. The Court therefore ordered the Government to reoffer the plea proposal to the Defendant. [Id.].

In July 2016, the Defendant entered into a written Plea Agreement with the Government, agreeing to plead guilty to the lesser included offense of second-degree murder, in exchange for the Government's agreement to dismiss Count Two of the Superseding Bill of Indictment. [Docs. 20, 138]. On January 27, 2017, this Court sentenced the Defendant to a reduced term

of 348 months' imprisonment. [Doc. 171 at 79]. The Defendant appealed, but the Court of Appeals dismissed his appeal on the grounds that the Defendant's appeal raised fell squarely within the scope of his appellate waiver. United States v. Lespier, No. 17-4084, Doc. 42. The Defendant filed a petition for writ of certiorari, and the Supreme Court denied the petition on March 19, 2018. Id., Doc. 49. The Defendant filed another Motion to Vacate on March 15, 2019, which the Court denied. [Doc. 180]. The Defendant appealed, but his appeal was dismissed due to lack of prosecution. [Docs. 181, 184].

The Defendant has now served over ten years of his sentence and has a projected release date of March 1, 2035.[1]

The Defendant now moves the Court for compassionate release, arguing that, due to a number of underlying health conditions, he is at risk of serious illness or death from COVID-19. The Defendant argues that these medical conditions, combined with his post-offense rehabilitation, constitute extraordinary and compelling reasons for a reduction in his sentence. [Doc. 187].

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Nov. 1, 2022).

3

Case 2:10-cr-00009-MR-WCM   Document 189   Filed 11/14/22   Page 3 of 10

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with the BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

4

Case 2:10-cr-00009-MR-WCM   Document 189   Filed 11/14/22   Page 4 of 10

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now

5

permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant asserts that he has a number of underlying conditions that increase his risk for serious illness or death from COVID-19. [Doc. 187 at 3]. A review of the Defendant's BOP medical records indicates that the Defendant does suffer from a number of conditions, such as

6

hypertension, obesity, and Type 2 diabetes, which have been identified as potential COVID-19 risk factors, as well as numerous other health conditions, including anxiety, depression, high cholesterol, and an umbilical hernia. [Doc. 188]. These records also indicate, however, that these conditions are being adequately monitored and treated with appropriate medications. [Id.].

The Court further notes that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates during the COVID-19 pandemic. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has offered vaccinations to both inmates and staff, which has conferred inmates such as the Defendant further protection from the virus.[2] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of

---

[2] The BOP medical records indicate that the Defendant contracted the COVID-19 virus in July 2020, suffered only mild symptoms, and fully recovered. [Doc. 188 at 16, 285]. Additionally, as of the time of the filing of his motion, he had been fully vaccinated and had received one booster. [See Doc. 187 at 9].

7

contracting the virus again while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

The only other ground cited by the Defendant as a basis for granting compassionate release is his post-sentencing rehabilitation. [Doc. 187 at 12-14 (citing his steady employment, over 1200 hours of educational courses, and his lack of disciplinary infractions)]. While the Defendant's efforts at rehabilitation are commendable, rehabilitation alone does not provide sufficient grounds for a sentence modification. See 28 U.S.C. § 994(t). In sum, the Court concludes that the reasons cited by the Defendant, considered either singly or in combination, do not constitute extraordinary and compelling reasons for his early release.

Even if the Defendant could establish an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is

8

warranted.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

As the Court noted at the Defendant's resentencing, the Defendant's offense of conviction involved "the intent to kill with malice aforethought with some substantially aggravating circumstances."  [Doc. 171 at 75].  Specifically, the Court noted that the Defendant's history of domestic violence perpetrated against the victim and the presence of the parties' young son during the murder were aggravating circumstances.  [Id. at 76-77].  The Court also found that "the evidence presented . . . at the evidentiary hearing . . . and also shown in the calls that the defendant made in the days right before the plea hearing" showed that "his remorse is less than complete."  [Id. at 77].  The Court found further that the Defendant's threat to kill an FBI agent, which was described in the original PSR, was also an aggravating factor.[3]  [Id. at 77-78]. The Court concluded that based on the seriousness of the offense and the Defendant's history and characteristics—which included a history of domestic violence and a criminal history that

---

[3] Following the Defendant's arrest, and while he was being detained in a local jail facility, the Defendant told his cellmate of his intent to kill FBI Special Agent Cosby in the courtroom following his conviction, and that he intended to kill himself if convicted.  [Doc. 92 at 8 ¶ 31].

9

underrepresented that history of violence—a sentence of 348 months' imprisonment was warranted. [Id. at 78-79]. Nothing that the Defendant has presented in his present motion alters this analysis. The Court therefore finds and concludes that the relevant § 3553(a) sentencing factors—including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes—counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence (Compassionate Release) Pursuant to 18 U.S.C. § 3582(c)(1)(A) and The First Step Act of 2018" [Doc. 187] is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

10

Case 2:10-cr-00009-MR-WCM   Document 189   Filed 11/14/22   Page 10 of 10