THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:10-cr-00009-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JAMES ERNEST LESPIER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for a New Trial Pursuant to F.R.C.P. 33 and Newly Discovered Evidence of Jury Intimidation That Constitutes a Structural Error in the Criminal Proceeding" [Doc. 192].

In June 2011, a jury found the Defendant James Ernest Lespier guilty of first-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153, and of the use of a firearm during and in relation to a crime of violence, namely murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1). [Doc. 86: Verdict]. The Court sentenced the Defendant to a term of life imprisonment as to the first-degree murder offense and to a consecutive term of life imprisonment as to the firearm offense. [Doc. 99: Judgment].

The Defendant subsequently filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, raising a number of ineffective assistance of counsel claims. [Civil Case No. 1:15-cv-00007-MR, Doc. 1]. After conducting an evidentiary hearing, the Court entered an Order granting the Defendant's Motion to Vacate, concluding that trial counsel had been ineffective in advising the Defendant regarding the withdrawal of his assent to the Plea Agreement and in failing to convey a formal plea offer from the Government. [Civil Case No. 1:15-cv-00007-MR, Doc. 21]. The Court therefore ordered the Government to reoffer the plea proposal to the Defendant. [Id.].

In July 2016, the Defendant entered into a written Plea Agreement with the Government, agreeing to plead guilty to the lesser included offense of second-degree murder, in exchange for the Government's agreement to dismiss Count Two of the Superseding Bill of Indictment. [Docs. 20, 138]. On January 27, 2017, this Court sentenced the Defendant to a reduced term of 348 months' imprisonment. [Doc. 171 at 79]. The Defendant appealed, but the Court of Appeals dismissed his appeal on the grounds that the Defendant's appeal raised fell squarely within the scope of his appellate waiver. United States v. Lespier, No. 17-4084, Doc. 42. The Defendant filed a petition for writ of certiorari, and the Supreme Court denied the petition on

March 19, 2018. Id., Doc. 49. The Defendant filed another Motion to Vacate on March 15, 2019, which the Court denied. [Doc. 180]. The Defendant appealed, but his appeal was dismissed due to lack of prosecution. [Docs. 181, 184].

The Defendant now moves the Court to "vacate the plea and grant him a new trial" on the grounds that "a juror has come forward and admitted she was intimidated to return a guilty verdict." [Doc. 192 at 3].

As noted above, the Defendant's convictions based on the jury's 2011 verdict have already been vacated, and the Government was directed to re-offer a plea agreement to the Defendant, which the Defendant accepted. As such, the Defendant's request for the Court to vacate his judgment and grant him a new trial on the grounds of irregularities in the rendering of the jury verdict is moot and must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for a New Trial Pursuant to F.R.C.P. 33 and Newly Discovered Evidence of Jury Intimidation That Constitutes a Structural Error in the Criminal Proceeding" [Doc. 192] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge

4